No. 68078.—Geo. S. Bush & Co., Inc. *v.* United States, protest 61/9114 (Portland, Oreg.).

FORD, Judge: Plaintiff, in this action, seeks to recover a portion of the duties paid on an importation of certain butt-welded steel tubes, with a small ring welded on both ends to suit a Victaulic coupling. The merchandise was assessed with duty at the rate of 19 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as articles or wares not specially provided for, wholly or in chief value of base metal.

It is contended by plaintiff herein that the imported merchandise consists of steel tubes, not thinner than 0.065 inch and not less than three-eighths of an inch in diameter, and, as such, is properly dutiable at only 0.3 cent per pound under paragraph 328 of the Tariff Act of 1930, as modified by said sixth protocol, *supra.*

The pertinent portions of the statutes involved herein are as follows:

Paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Articles or wares not specially provided for, * * *:

* * * * * * *

Other, composed wholly or in chief value of iron, steel, * * *__ 19% ad val.

Paragraph 328 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Lap-welded, butt-welded, seamed, or jointed iron or steel tubes, pipes, flues, and stays, not thinner than 0.065 inch, and not less than ⅜ inch in diameter (except tubes, pipes, flues, and stays made of charcoal iron) _____ 0.3¢ per lb.

The record in this case consists of a picture of the involved merchandise received in evidence as plaintiff's exhibit 1, a pictorial representation of the Victaulic coupling, collective exhibit 2, the testimony of one witness called on behalf of plaintiff, and a stipulation entered into by and between counsel for the respective parties.

Counsel have stipulated that the imported merchandise is not made of charcoal iron and consists of butt-welded steel tubes, with a small ring welded on both ends to suit a Victaulic coupling, and that said tubes are not thinner than 0.065 inch, and not less than three-eighths of an inch in diameter.

Mr. Wallace R. Scott, division manager of Zidell Machinery for 14 years, in the pipe, valves, and fittings section, testified that he is familiar with the imported merchandise, having ordered same; that he is familiar with the use to which such merchandise is put, as well as other types of pipes and tubes; that there are many methods of joining ends of pipe, such as a threaded and coupled pipe connection; a plain end connection, which would be a type of a dresser coupling, normally used in the connection of these two pipes; the bell end connection, in which one end of the pipe is belled and the other is not and the two ends are slipped in together and welded; the groove or Victaulic coupling, in which a groove is cut into the pipe to connect the two with the type of coupling; the plain end; the bevelled end for welding; and many other types of end connections; that a pipe must have its ends prepared for the particular joining that is going to be used; that if a dresser coupling were to be used, the pipe would have a plain end square cut; that if butt-welding were to be used, the pipe would have a bevelled end; that if a slip joint connection were to be utilized, one

end would possibly be belled and the other not, and they would be pushed together; that if a Victaulic coupling were to be used, there would be a groove; that if a threaded joint were to be used, the pipe would have to be threaded.

The witness testified that merchandise, such as is involved herein, is joined with a two-bolt coupling, in which the two bolts are affixed with a Crescent wrench.

Mr. Scott testified that the imported merchandise prepared for Victaulic coupling was not manufactured by grooving, but by welding on steel rings. In his opinion, this did not make any difference as to the type of coupling to be used. He testified that the normal way of preparing pipe for this type of connection is by either welding the ring on or rolling the ring in; that the company from which he purchased this material did not have a rolling method or equipment to roll the ring into the tube and was granted permission to weld on the ring.

Based upon this record, it is the position of plaintiff herein that the imported tubes are merely tubes and, as such, are properly dutiable under the *eo nomine* provision for such merchandise in paragraph 328, as modified, *supra.*

On the other hand, it is the position of defendant herein that the addition of the welded ring on the tubes makes the imported merchandise more than mere tubes and, therefore, constitutes more than a mere pipe.

Upon the record as made herein, as well as an examination of the exhibits, it would appear to this court that the mere welding of rings for the purpose of preparing the ends of the imported merchandise for joining, by use of the Victaulic coupling, does not convert a tube into a manufactured article. The record clearly indicates that all tubes which are to be joined together to other tubes must have their ends prepared for the particular method of joining to be used. The addition of the welded ring does not bring the imported merchandise within the purview of the decision in *Baker Ice Machine Co., Inc.* v. *United States,* 4 Cust. Ct. 22, C.D. 274, cited herein by defendant. In the *Baker* case, *supra,* certain 1-inch galvanized steel pipe, with cast-on aluminum fins, was held to be more than mere steel tubes or pipes and, hence, to be manufactures composed in part of steel tubes and other metal, to wit, aluminum in the form of so-called fins.

In the case of *The Davis-Bilt Products Co.* v. *United States,* 28 Cust. Ct. 332, C.D. 1432, certain so-called torus tubes, circular in form and designed to be cut into 45 degree, 90 degree, or other degree of bends to be welded to straight lengths of tube, in order to obtain the degree of bend required in piping, were held properly classifiable under the provisions of paragraph 328 of the Tariff Act of 1930, as modified, as butt-welded steel tubes.

In view of all of the foregoing, we are of the opinion that the imported butt-welded tubes, having a ring welded on each end to suit a Victaulic coupling, which are not made of charcoal iron, and are not thinner than 0.065 inch, and not less than three-eighths of an inch in diameter, are properly subject to duty at 0.3 cent per pound under paragraph 328 of the Tariff Act of 1930, as modified, *supra,* as claimed herein.

Judgment will be entered accordingly.